Filed 7/9/24  P. v. Calvo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER JESUS CALVO,<br><br>    Defendant and Appellant. | H050649<br>(Santa Cruz County<br>Super. Ct. No. 18CR03615) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)  A detailed recital of facts is not necessary given the limited issues raised on appeal.

While defendant Javier Jesus Calvo sat in a car along with other young men, a gun in his possession discharged killing one of the other occupants, an 18-year-old man.  The operative second amended information charged defendant with involuntary manslaughter (Pen. Code, § 192, subd. (b); count 1), with special allegations that he personally used a firearm (Pen. Code, § 12022.5, subd. (a)) and inflicted great bodily injury on someone other than an accomplice (Pen. Code, § 1192.7, subd. (c)(8)).  He was also charged with carrying a concealed firearm in a vehicle (Pen. Code, § 25850, subd. (c)(6); count 2); occupying a vehicle with a concealed firearm (Pen. Code, § 25400, subd. (a)(3); count 3), unlawfully possessing a firearm while on probation (Pen. Code, § 29815, subd. (a);

count 4), and misdemeanor destroying or concealing evidence (Pen. Code, § 135; count 5).

During trial, the parties reached a negotiated disposition. The prosecution moved to dismiss the firearm allegation associated with the involuntary manslaughter count due to insufficient evidence. Defendant pleaded no contest to the remaining counts and admitted the remaining allegations. He also expressly admitted aggravating factors that "the crime involved great violence, great bodily injury, or a threat of great bodily injury, such that it demonstrated a high degree of cruelty, viciousness or callousness[.]" In exchange, defendant would receive a prison sentence of not more than five years four months.

The trial court sentenced defendant to five years four months in prison, consisting of: the upper term of four years for involuntary manslaughter (Pen. Code, §§ 192, subd. (b), 193, subd. (b)), eight months consecutive for carrying a loaded firearm in a vehicle (Pen. Code, §§ 25850, subd. (c)(6), 1170.1, subd. (a)), and eight months consecutive for unlawfully possessing a firearm while on probation (Pen. Code, §§ 29815, subd. (a), 1170.1, subd. (a)). The trial court imposed concurrent sentences for the remaining counts. The court rejected defendant's argument that punishment for two of the firearm counts (counts 3 and 4) must be stayed because they were based on the same act as the firearm charge in count 2. (Pen. Code, § 654.) Defendant received 924 days of presentence custody credit, based on 462 actual days and 462 days' conduct credit (Pen. Code, § 4019). (Defendant initially received fewer presentence custody credits, but moved successfully in the trial court to recalculate the credits while this appeal was pending.)

We agree with the parties that punishment for counts 3 and 4 must be stayed. (Citing *People v. Jones* (2012) 54 Cal.4th 350, 358–359 [possessing and carrying the same firearm was not separately punishable when based on the single act of "being caught with the gun in the car"].) The only act shown by the record is defendant's

2

possession of the firearm in the car when it discharged and killed another occupant. Counts 3 and 4 were therefore based on the same act as count 2.

## DISPOSITION

The judgment is modified to stay punishment for counts 3 and 4 pursuant to Penal Code section 654, reducing defendant's total term to four years eight months (consisting of four years for involuntary manslaughter (Pen. Code, §§ 192, subd. (b), 193, subd. (b)) and eight months consecutive for carrying a loaded firearm in a vehicle (Pen. Code, §§ 25850, subd. (c)(6), 1170.1, subd. (a))).  The judgment shall reflect 924 days of presentence custody credit, based on 462 actual days and 462 days' conduct credit (Pen. Code, § 4019).  The clerk of the superior court is ordered to amend the abstract of judgment accordingly and to transmit a copy of the amended abstract to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

_____

Grover, Acting P. J.


**WE CONCUR:**


_____

Lie, J.


_____

Bromberg, J.


**H050649**
*People v. Calvo*